**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ADRIEL RIVERO MUNOZ,

Petitioner,

v. No. 2:26-cv-03049-DHU-SCY

DEPARTMENT OF HOMELAND SECURITY; WARDEN OTERO COUNTY PROCESSING CENTER; EL PASO FIELD OFFICE DIRECTOR, Enforcement and Removal Operations; U.S. ATTORNEY GENERAL; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Cuba who entered the United States approximately five (5) years ago and was subsequently released pursuant to an Order of Release on Recognizance. *Id.* at 6. Since his entry, Petitioner has accrued no criminal history. *Id.* at 7. Following his release, Petitioner established a life in the United States. He filed an Application for Asylum. *Id.* at 6. he obtained an Employment Authorization Document ("EAD"), better known as a work permit, and a Social Security Number. *Id.* He resided in Miami, Florida, worked, and paid taxes. *Id.*

On August 22, 2026, Petitioner was re-detained by immigration officials. *Id.* at 4. It does not appear that Petitioner was provided with notice or a pre-deprivation hearing. *See generally* Docs. 1, 8.

Petitioner subsequently filed the instant Petition, where he challenges his re-detention and requests his immediate release. Doc. 1 at 7. Respondents indicate that they are "not submitting a brief in opposition" and "recognize that the Court may then decide to grant the Petition and award appropriate relief." Doc. 8 at 1.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection, was detained within the United States, and was subsequently released on his own recognizance for five (5) years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide him with a

pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process alone requires Petitioner's release, it is not necessary for the Court to decide whether Petitioner's detention is governed by Section 1225 or Section 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to Section 1226(a) and, therefore, entitled to an individualized bond hearing. 180 F.4th 1226, 1237 (10th Cir. 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained later while still residing in the country. Petitioner's detention is, therefore, governed by Section 1226(a).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner immediately, but no later than within **forty-eight (48) hours** of entry of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that Respondents shall submit a Status Report to the Court no later than **three (3) days** from the entry of this Order confirming Petitioner's timely release.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE